**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LEO P MCDONALD, ) | |
| (Dallas County # 13082270) ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:14-CV-1933-M-BH |
| ) | |
| JUDGE CARTER THOMPSON , et al. ) | Referred to United States Magistrate |
|     Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED** under authority of 28 U.S.C. § 1915A and 1915(e)(2)(B).

**I. BACKGROUND**

On May 28, 2014, Leo P. McDonald (Plaintiff), an inmate in Dallas County Jail, initiated this civil action with a handwritten letter asserting allegations against Judge Carter Thompson. (*See* doc. 3.) In response to two notices of deficiency and orders, he submitted a form complaint seeking relief under 42 U.S.C. § 1983 and an additional separate attachment. (*See* docs. 8-9.) The only named defendant in the amended complaint is Judge Carter Thompson. (*See* doc. 8 at § IV(B).)[1] Plaintiff is being detained on charges pending in Criminal District Court No. 5 for an assault with bodily injury with an enhancement for a prior domestic violence conviction. (*See* doc. 9 at § V.) He claims that he is being falsely imprisoned based on someone else's criminal history. (*Id.*) He attaches a letter he sent to Judge Thompson advising him that he was being held based on someone else's criminal history and that his counsel failed to meet with him. (*Id.* at 2.) Plaintiff now seeks

---

[1] Although the Clerk of Court originally listed the "Dallas County Jail" as a defendant on the docket, Plaintiff did not name this defendant in his amended form complaint and does not actually seek relief against it.

release, help with housing placement and reinstatement of his disability payments, and compensation. (*Id.* at § VI.)

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C.A. § 1915A(a) (West 2006); *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Courts are not required to await a responsive pleading to conduct a § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III. § 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immun-

2

ities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A.     **Monetary Damages**

With regard to any claims against Judge Thompson for monetary damages, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also*, *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Because the complained-of conduct by Judge Thompson was judicial in nature and was undertaken pursuant to the jurisdiction provided to the Criminal District Court No. 5 of Dallas County, Texas, Judge Thompson is entitled to absolute immunity from any monetary damages claims, and such claims should be dismissed.

B.     **Injunctive Relief**

To the extent Plaintiff is seeking some type of injunctive relief against Judge Thompson for his actions taken in state court, §1983 expressly provides "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be

3

granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983 (West 2012). Any claims under 42 U.S.C. § 1983 for injunctive type relief against Thompson's ongoing prosecution should be dismissed. *See generally Knight v. 24th Judicial Dist. Court Section A*, Civ. Action No. 06-4537, 2006 WL 4017837, at *2-3 (E.D. La. Oct. 17, 2006), *recommendation adopted* (Dec. 5, 2006) ("A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal habeas corpus relief in appropriate circumstances") (citing *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).[2]

## C. Habeas Relief

Plaintiff also seeks release from imprisonment. Release is also an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Because Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, he fails to state a cause of action upon which relief may be granted on his claim for release.

---

[2]In addition, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here. *See Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489-1490 (5th Cir.), *cert. denied,* 515 U.S. 1145 (1995). Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit. Ass'n*, 42 F.3d at 1490.

## IV. RECOMMENDATION

Any claims for monetary damages should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii), and all remaining claims should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C.§ 1915(e)(2)(B)(I) and (ii). This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[3]

**SIGNED this 28th day of August, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3]Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE